UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FOSTER,

        Plaintiff,

v.                         Case No.  2:23-CV-11534
                                Honorable Jonathan J.C. Grey

WOODLAND CENTER
CORRECTIONAL FACILITY, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

This is a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 filed by Michael Foster against Michigan Department of Corrections ("MDOC") officials and employees. (ECF No. 1.) Foster filed his original complaint on June 27, 2023 (ECF No. 1); he then filed an amended complaint on July 18, 2023 (ECF No. 6). Foster sues the following employees of Woodland Center Correctional Facility: Warden Jodi DeAngelo, facility maintenance mechanic Michael Higginsbotham, and plant supervisor Tim Clafton for Fifth, Eighth, and Fourteenth Amendment violations. (ECF No. 6.) He claims that defendants violated

his bodily integrity and were deliberately indifferent to a substantial risk of serious harm. (*Id.*) Foster sues defendants in their individual and official capacities for monetary damages and declaratory relief. (*Id.*)

For the following reasons, some of Foster's claims will be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for seeking monetary damages from defendants that are immune from such relief.

## I.    Legal Standards

Foster has been granted in forma pauperis status. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss in forma pauperis or prisoner complaints before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c) (prisoner); 28 U.S.C. § 1915A (prisoner); 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis).

Courts hold pro se complaints to a less stringent standard than ones drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a

complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Even for pro se plaintiffs, more than bald assertions are required. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.  Background

Foster's allegations arise from his conditions of confinement at the Woodland Center Correctional Facility. He alleges that from November

18, 2022 to November 23, 2022, the heating and hot water systems stopped working in his housing unit. Foster asserts that the temperature outside during those dates was under 40 degrees. He further asserts that from November 19, 2022 to November 24, 2022, the ventilation system began pumping fumes that smelled like diesel or kerosene, which caused him severe headaches, dizziness, nausea, vomiting, and eye burning. Foster claims that prison maintenance improperly connected a portable heater to the ventilation system when attempting to resolve the heating issue, which caused him and other inmates in the housing unit to become ill. Foster further claims that health care staff diagnosed him with having carbon monoxide poisoning. Foster alleges that the mismanagement of the ventilation system placed him at risk of serious injury or death. Foster asserts that defendants acted negligently and that their reckless disregard for his health and safety proximately caused his injuries. He also alleges the conduct violated his constitutional rights.

## III.  Analysis

Some claims brought by Foster are subject to dismissal for failure to state a claim; the others survive. The Court is not making a determination on any of the surviving claims, as the parties, particularly

the defendants, have not had an opportunity to be heard. The Court merely finds that some of Foster's claims survive preliminary review under 28 U.S.C. § 1915A(b).

### A. Dismissed claims

Some of Foster's claims are subject to dismissal. First, Foster's claims against the Woodland Center Correctional Facility must be dismissed. A state prison facility or state department is not a "person" or legal entity subject to suit under 42 U.S.C. § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sep. 21, 2016) (ruling that a state prison and its "medical staff" were not subject to suit under § 1983); *Bassler v. Saginaw Corr. Facility*, No. 2:19-CV-11202, 2019 WL 2502713, at *2 (E.D. Mich. June 17, 2019); *see also Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that state governmental departments and agencies are not persons or legal entities subject to suit under § 1983). Consequently, Foster's complaint against the Woodland Center facility must be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

Second, Foster's claims against the defendants in their official capacities must be dismissed because they are barred by sovereign immunity. A private individual may not sue a state unless the state consents to be sued. This is the principle of state sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 755 (1999). A judgment for money damages against an official in their official capacity would be paid with public funds from the state treasury. Therefore, a suit for money damages against an official in their official capacity is a suit against the state and is barred by state sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). MDOC is an "arm of the State of Michigan," so it and its officers, acting in their official capacity, are protected by sovereign immunity. *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010) (citations omitted). Foster has not alleged that Michigan has consented to suits for the alleged deprivations. Therefore, Foster's claim against the defendants in their official capacity must be dismissed.

Third, Foster's Eighth Amendment claims regarding the short-term deprivation of heat and hot water in his housing unit must be dismissed for failure to state a claim. An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and

safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Id.*; *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "In order to state a claim that prison conditions violate the Eighth Amendment, the prisoner must plead facts showing that he has been subjected to deprivations so serious that he was deprived of the minimal civilized measure of life's necessities and that prison officials acted wantonly, with deliberate indifference to his serious needs." *Powell v. Washington*, 720 F. App'x 222, 227–28 (6th Cir. 2017) (quotation marks omitted). "The prisoner must allege extreme deprivations to state an Eighth Amendment conditions-of-confinement claim." *Id.* at 228 (quotation marks omitted). "[N]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (quotation makes omitted)).

The Eighth Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at

832 (1994). Allowing prisoners to be exposed to cold without adequate clothing or shelter can constitute an Eighth Amendment violation. *See Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). However, Foster failed to make out a sufficiently serious deprivation of clothing or shelter to amount to an Eighth Amendment claim. In *Knop*, the prison officials exposed the prisoners to the Michigan winter without adequate clothing. *Id.* The court found that exposure of that kind inflicted pain and the government had no legitimate interest in denying adequate clothing. *Id.*

Lack of heat when external temperatures drop below 40 degrees can certainly cause discomfort. However, it is not a level of discomfort or pain that rises to cruel and unusual punishment under the Eighth Amendment. *See id*. Further, Foster did not allege that he was not provided with adequate clothing for the cold conditions. The Eighth Amendment is only violated when the conditions are sufficiently serious, not when a prisoner is subjected to uncomfortable living conditions. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Here, the conditions of exposure to the cold were not seriously deficient, as they were in *Knop*.

Foster also fails to show that the deprivation of hot water violated his Eighth Amendment rights. Deprivation of hot water creates

uncomfortable living conditions but fails to rise to cruel and unusual punishment in the Eighth Amendment context. *See Preston v. Smith*, 750 F.2d 530, 534 (6th Cir. 1984) (Krupansky, J. concurring) (stating that failure to provide hot water does not amount to an Eighth Amendment violation under *Rhodes*); *see also Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) (noting that generally, short-term failure to supply hot water in prison cannot establish an Eighth Amendment claim). Since the conditions complained about do not rise to the level of extreme deprivations, Foster fails to state a conditions-of-confinement claim under the Eighth Amendment with respect to the heating and hot water issues.

### B. Surviving claims

Foster's claims under the Eighth and Fourteenth Amendment for the allegations related to the alleged exposure to fumes survive preliminary review.

## IV.   Conclusion

Accordingly,  the Court **DISMISSES WITHOUT PREJUDICE** the following claims for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c):

1. All claims against the Woodland Center facility;

2. All claims against the individual defendants in their official capacities;

3. Foster's Eighth and Fourteenth Amendment claims based on exposure to lack of heating and hot water.

Foster's claims under the Eighth and Fourteenth Amendment based on the exposure to fumes survive against the individual defendants in their individual capacities.

**IT IS SO ORDERED.**

/s Jonathan J.C. Grey
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

Dated:  March 20, 2024

10

<u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2024.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager